AF Approval _TCK for SCN_                     Chief Approval _CFM_

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

   v.        CASE NO. 8:24-cr-276-VMC-UAM

BROCK DAVID FISCHER

### PLEA AGREEMENT

   Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Brock David Fischer, and the attorney for the defendant, Mark J. O'Brien, mutually agree as follows:

### A. Particularized Terms

  1. Count(s) Pleading To

   The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with Mail Fraud Conspiracy, in violation of 18 U.S.C. § 1349.

  2. Maximum Penalties

   Count One carries a maximum sentence of 20 years imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the

Defendant's Initials _BF_

offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of mail fraud conspiracy are:

First:    two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud, as charged in the indictment; and

Second:    the Defendant knew the unlawful purpose of the plan and willfully joined in it.

The elements of mail fraud are:

First:    the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

Second:    the false or fraudulent pretenses, representations, or promises were about a material fact;

Third:    the Defendant intended to defraud someone; and

Fourth:    the Defendant used a private or commercial interstate carrier by depositing or causing to be deposited with the carrier something meant to help carry out the scheme to defraud.

Defendant's Initials  BF                              2

4.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.   Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to victims of the conduct described in Count One of the Information and any other victims as determined by the Court.

6.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials__*BF*____          3

7.   Adjusted Offense Level - Estimate Only

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States, based on the information now available to it, estimates that the defendant's adjusted offense level is 24, as determined below:

| Guideline | Description | Levels |
|---|---|---|
| USSG § 2B1.1(a)(1) | Base Offense | Level 7 |
| USSG § 2B1.1(b)(1)(J) | Specific Offense Characteristic | Level +18 |
| USSG § 2B1.1(b)(2)(A)(i) | Specific Offense Characteristic | Level +2 |
| USSG § 2B1.1(b)(10) | Specific Offense Characteristic | Level +2 |
| USSG § 4C1.1(a) | Zero-Point Offender | Level -2 |
| USSG § 3E1.1(a), (b) | Acceptance of Responsibility | Level -3 |
| Total Adjusted Offense Level | | 24 |

The defendant understands that this estimate is not binding on the Court or the United States, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-

Defendant's Initials **Bf**                     4

level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on

Defendant's Initials __BF__                5

the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

      10.    Cooperation - Substantial Assistance to be Considered

          Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the

Defendant's Initials  _BF___         6

defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

12.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or

Defendant's Initials _Bf_____                    7

should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case,

Defendant's Initials _Öŕ____          8

pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

13.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 USC 981(a)(1)(C) and 28 USC 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

Defendant's Initials _BF_            9

The assets to be forfeited specifically include, but are not limited to, the following: all cryptocurrency seized from the defendant's residence in Robins, Iowa, on or about July 2, 2024, including cryptocurrency wallets containing approximately 4.51464474 Bitcoin, 0.0819646 Bitcoin, 13.741 Ethereum, 24,408.68 Tether USD, 3,445.38 DAI Stablecoin, 58.32179 Litecoin, and 617.78 USD Coin, which he agrees constitute proceeds of the offense. Additionally, the defendant agrees to the forfeiture of $~~38,000~~ $55,593 in U.S. Currency and assorted merchandise and equipment also seized from his residence on July 2, 2024, including cell phones, computers, and virtual reality headsets, all of which also constitute proceeds of the fraud.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event

Defendant's Initials _BF_                    10

the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax

Defendant's Initials ___BF___                    11

returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of

Defendant's Initials _*Bf*_          12

responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

14.   Abandonment of Property

The United States of America and defendant hereby agree that certain assets seized from the defendant and currently in the custody and/or control of the Homeland Security Investigations or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 981, and/or that the assets constitute evidence, contraband, or fruits of the crime for which he has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he has in these assets to the United States of America.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to, and consents to the

Defendant's Initials _BF_            13

administrative forfeiture or destruction of the following assets which were seized

from his residence on or about July 2, 2024:

    a.    All cryptocurrency seized, including cryptocurrency wallets

        containing approximately 4.51464474 Bitcoin, 0.0819646

        Bitcoin, 13.741 Ethereum, 24,408.68 Tether USD, 3,445.38 DAI

        Stablecoin, 58.32179 Litecoin, and 617.78 USD Coin;

    b.    ~~$38,000~~ $95,542 *BF* in U.S. Currency; and

    c.    assorted merchandise and equipment seized from his residence

        on July 2, 2024, including cell phones, computers, and virtual

        reality headsets.

**B.**    **Standard Terms and Conditions**

    1.    <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition to or

in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any

victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in

18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as

to all counts charged, whether or not the defendant enters a plea of guilty to such

counts, and whether or not such counts are dismissed pursuant to this agreement.

The defendant further understands that compliance with any restitution payment

plan imposed by the Court in no way precludes the United States from

simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C.

Defendant's Initials _BF_          14

§ 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the

Defendant's Initials _BF_                    15

count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any

Defendant's Initials _BF____                16

assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _BP_                    17

7.     <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.     <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials_<u>BF</u>_        18

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials___BF___          19

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

"The Victim Company" was a private, multinational shipping, receiving, and supply chain management company. The Victim Company served as a common carrier for hundreds of retailers all over the world. In or around December 2021, a conspirator known as "Haku" created "the Service," a chat room/marketplace on an encrypted messaging platform. The Service sold access to the Victim Company's tracking platform. This access allowed conspirators to enter false and fraudulent tracking information, referred to herein as a "scan," for merchandise shipped by the Victim Company on behalf of victim-retailers located in the Middle District of Florida and elsewhere. Customers located in the Middle

Defendant's Initials __𝘣𝘵__          20

District of Florida and elsewhere used the Service to obtain full refunds from victim-retailers while maintaining physical possession of merchandise ordered, such as high-end electronics, jewelry, and designer clothing and accessories.

In or around January 2022, Brock David Fischer began to act as a Reseller for the Service. "Refunders" were customers who purchased and paid for scans upfront. "Resellers," on the other hand, were a subset of Refunders who were allowed to purchase scans from the Service in bulk at a reduced price, and not required to pay upfront. Fischer operated his own service on the encrypted messaging platform named "iFruit Services." There, he resold the Service's scans. Conservatively, iFruit Services was responsible for the submission of false and fraudulent scans in relation to more than 300 shipments, including those sent from victim-retailers located in the Middle District of Florida and those sent to conspirators located in the Middle District of Florida.

At times, Fischer also ordered merchandise involved in the fraud scheme. For example, on January 13, 2022, fraudulent tracking information was submitted in relation to a package purportedly returned by Fisher to a Microsoft facility in El Paso, Texas. On February 7 and 8, 2022, fraudulent tracking information was submitted in relation to a package purportedly returned by Fisher to luxury watch retailer Tourneau in Long Island City, New York. On February 10, 2022, fraudulent tracking information was submitted in relation to a package purportedly returned by Fisher to luxury clothier Christian Dior in Farmingdale, New York. And on March 1, 2022, fraudulent tracking information was submitted in

Defendant's Initials _BF_                    21

relation to two packages purportedly returned by Fisher to Meta Technologies in Louisville, Kentucky.

In mid-February 2022, Matthew Frederic Bergwall purchased the Service from Haku. From on or about February 16, 2022, until in or around April 2022, Bergwall acted as the lead administrator for the Service, responsible for, and the overseeing of, entering false and fraudulent tracking information into the Victim Company's tracking platform on behalf of customers and responding to customer service inquiries. In or around April 2022, Fischer took over as lead administrator for the Service. From in or around December 2021, until in or around April 2022, This fraud scheme caused nearly 10,000 fraudulent returns and resulted in the victim-retailers losing more than $8 million in merchandise.

On July 2, 2024, law enforcement executed a search warrant at Fischer's residence in Robins, Iowa. During the search, law enforcement discovered and seized cryptocurrency wallets containing 4.51464474 Bitcoin, 0.0819646 Bitcoin, 13.741 Ethereum, 24,408.68 Tether USD, 3,445.38 DAI Stablecoin, 58.32179 Litecoin, and 617.78 USD Coin—all of which were proceeds of criminal conduct. Law enforcement also discovered and seized approximately $38,000 ~~$85,642~~ BF in U.S. currency, as well as several cell phones, computers, and virtual reality headsets, which were proceeds of the criminal conduct.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor

Defendant's Initials BF                    22

is it intended to include, all the events, persons involved, or other information relating to this case.

12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

<u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __15th__ day of ~~August~~ November, 2024.

ROGER B. HANDBERG
United States Attorney

_____
Brock David Fischer
Defendant

_____
Carlton C. Gammons
Assistant United States Attorney

_____
Mark J. O'Brien
Attorney for Defendant

_____
Christopher F. Murray
Assistant United States Attorney
Criminal Chief, South

23